**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Sportlite, Inc., | No. CV 04-2146-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. |  |
| Genlyte Thomas Group, LLC and Day-Brite Lighting, |  |
| Defendants. |  |

Currently, before the Court is Defendant Genlyte Thomas Group LLC's Motion to Strike References to Defendant's Accused Product Contained in Plaintiff's Reply Brief Re: Claim Construction. (Dkt. #37).

**I.     Background**

On September 6, 2005, Plaintiff submitted its Reply Brief regarding Claim Construction in this case.[1] On page 3 of the Reply Brief, Plaintiff references the Defendant's alleged infringing product, the HB-10043, and attaches as Exhibit 10, marketing literature describing HB-10043.  Specifically, on page 3 of its Reply Brief, Plaintiff states "Genlyte Thomas uses "reflector" to describe domes which provide "uplight" in its own literature."

---

[1] Claim construction has been assigned to a special master, Mr. Thomas Watkins, for his proposed findings, conclusions and recommendations to this Court.

1  Plaintiff then refers the Court to Exhibit 10 which uses the term "uplight" in describing the
2  HB-10043's features including the use of reflectors.  Plaintiff references the HB-10043 in
3  support of its position that the term "reflector" does not require that all light be reflected
4  downward off a lampshade rather than any of the light going through the shade, up or out to
5  the side.  Defendant objects to Plaintiff's use of its accused product as being improper in
6  construing the meaning of the term "reflector" in the alleged claims of Plaintiff's patent, U.S.
7  Patent No. Re36,414.

**II.     Discussion**

A determination of patent infringement entails two steps.  "The first step is determining the meaning and scope of the patent claims asserted to be infringed." Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995).   This determination is a question of law for the court. Id. at 979.  Second, the properly construed claims must be compared to the device accused of infringing. Id. at 976.  In the present case, the accused infringing product is the Defendant's HB-10043 product upon Plaintiff's patent.

The issue before the Court now is whether Plaintiff's references to the accused product, the HB-10043, in construing the meaning and scope of the Plaintiff's patent claims, is improper and requires the Court to strike any such reference.  The Court finds that it does. Despite Plaintiff's argument to the contrary, NeoMagic Corp. v. Trident Microsytems, Inc., 287 F.3d 1062 (Fed. Cir. 2002) is instructive.  In NeoMagic Corp., the court held "it is well settled that claims may not be construed by reference to the accused device." Id. at 1074 (citing SRI Int'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1118, 227 USPQ 577, 583 (Fed. Cir. 1985) (en banc)).  Further, in SRI Int'l, the court explained that "[a] claim is construed in the light of the claim language, the other claims, the prior art, the prosecution history, and the specification, not in light of the accused device. ... It is only after the claims have been construed without reference to the accused device that the claims, as so construed, are applied to the accused device to determine infringement. Id. citing Palumbo v. Don-Joy Co., 762 F.2d 969, 974, 226 USPQ 5, 8 (Fed. Cir. 1985).  Here, Plaintiff cites the accused infringing device in its Reply regarding claim construction.  Such a reference in the claim

1  construction phase to determine a patent claim asserted to be infringed is improper. As such,
2  the reference by Plaintiff to the HB 10043 must be struck to prevent any improper evaluation
3  of this product during the claim construction phase.

4  **Accordingly,**

5  **IT IS HEREBY ORDERED** that Defendant's Motion to Strike References to
6  Defendant's Accused Product Contained in Plaintiff's Reply Brief Re: Claim Construction
7  is granted. (Dkt. #37).

8  **IT IS FURTHER ORDERED** that Plaintiff is required to submit a replacement
9  Reply Brief without reference to the accused product, HB 10043, on page 3 and Exhibit 10,
10 five (5) days from the date of this Order.

11 **IT IS FURTHER ORDERED** that special master Mr. Thomas Watkins is instructed
12 to review the Replacement Reply Brief to be filed by Plaintiff and to disregard the stricken
13 Reply brief filed by Plaintiff on September 6, 2005.

14 DATED this 6th day of December, 2005.

_____
Mary H. Murguia
United States District Judge