**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sportlite, Inc., | ) No. CV 04-2146-PHX-MHM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Genlyte Thomas Group, LLC and Day-Brite Lighting, | ) |
| Defendants. | ) |

Currently before the Court is the Special Master's recommendation that this Court permit the parties to submit evidence of Defendant's accused product. The parties have submitted briefing on this issue and the Court enters the following Order.

**I.  Background**

On December 6, 2005 this Court issued an order granting Defendant Genlyte Thomas Group LLC's ("Defendant" or "Genlyte") motion to strike references to Defendant's accused product. (Dkt.#57). Specifically, Plaintiff Sportlite, Inc., ("Plaintiff" or "Sportlite") had referenced the alleged infringing product in one of its Markman briefing pleadings. As such, Plaintiff was ordered to refile its brief without reference to Defendant's alleged infringing product.

On July 3, 2006, Special Master Thomas Watkins III ("Special Master Watkins") issued his Draft Report and Recommendation regarding the claim construction portion of this

litigation as to U.S. Patent No. Re. 36,414 ("the '414 Patent").  In addition to disclosing his preliminary findings to the parties, Special Master Watkins requested the Court reconsider its previous ruling regarding reference to the accused product.  (Draft Report and Recommendation, pp.2-3).  Specifically, Special Master Watkins directed the Court's attention to recent authority from the Federal Circuit addressing this issue.  Most notably, Special Master Watkins cited the Court's attention to <u>Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.</u>, 442 F.3d 1322, 1326 (Fed. Cir. March 23, 2006) which stated in pertinent part:

> While a trial court should certainly not prejudice the ultimate infringement analysis by construing claims with an aim to include or exclude the accused product or process, knowledge of that product or process provides meaningful context for the first step of the infringement analysis, claim construction....Furthermore, this sparse record lacks the complete context for accurate claim construction.  Thus, without a record of the accused products, this appeal assumes many attributes of a proceeding seeking and advisory opinion...

Moreover, on April 19, 2006, the Federal Circuit issued its holding in <u>Lava Trading v. Sonic Trading Mngmt, LLC</u>, 445 F.3d 1348, 1350 (Fed. Cir. 2006) stating in pertinent part:

> In addition, the record on appeal does not supply any meaningful comparison of the accused products to the asserted claims.  Without knowledge of the accused products, this court cannot assess the accuracy of the infringement judgment under review and lacks a proper context for an accurate claim construction.  While a trial court should certainly not prejudice the ultimate infringement analysis by construing claims with an aim to include or exclude an accused product or process, knowledge of that product or process provides meaningful context for the first step of the infringement analysis, claim construction.
> ...
> Without the vital contextual knowledge of the accused products or processes, this appeal takes on the attributes of something akin to an advisory opinion on the scope of the '982 patent. The problems with such an appeal, even if within this court's jurisdiction, have been noted in may of the court's prior cases.

Based upon these recent cases, the Special Master recommends that the Court reconsider its ruling and permit the parties to submit evidence of the accused product to assist in the final determination of the claim construction portion of this litigation. In response to the Special Master's recommendation, the Court issued a minute order directing the parties

1  to file any objections or comments. Both parties filed their comments and objections on July
2  14 2006. (Dkt.#'s 86,88).

## II.     Analysis

Plaintiff has no objection to the Special Master's recommendation regarding reference to the accused product. (Dkt.#86). In fact to expedite matters, Plaintiff recommends that the parties submit specification sheets of the accused products before August 11, 2006. Defendant, on the other hand, firmly objects to any such reference to the accused product during the claim construction portion of the litigation. Defendant refers to the general principle of patent law that the Court base its interpretation of the claims on the intrinsic record to the extent possible and the general disfavor of the use of extrinsic evidence in construing claims. See Phillips v. AWH Corp., 415 F.3d 1303, 1317-19 (Fed. Cir. 2005). Moreover, Defendant argues the recent Federal Circuit cases do not require reference to the accused product. Most notably, Defendant relies on separate language from the Federal Circuit's ruling in Wilson Sporting Goods which relates in pertinent part:

> This court, of course, repeats its rule that "claims may not be construed with reference to the accused device."... As noted earlier, that rule posits that a court may not use the accused product or process as a form of extrinsic evidence to supply limitations for patent claim language. Thus, the rule forbids a court from tailoring a claim construction to fit the dimensions of the accused product or process and to reach a preconceived judgment of infringement or noninfringement. In other words, it forbids biasing the claim construction process to exclude or include specific features of the accused product or process. The rule, however, does not forbid awareness of the accused product or process to supply the parameters and scope of the infringement analysis, including its claim construction component. ... In light of the principles, if the litigants cannot themselves inform a trial court of the specific issues presented by the infringement inquiry - that is, issues of the breadth of the claim construction analysis and the most useful terms to facilitate that defining process - then a trial court may refer to the accused product or process for that context during the process.

Id. at 1330-31.

Defendant argues that because the parameters of Plaintiff's patent have been properly laid out and there is no ambiguity as to which claims are to be interpreted there is no need to refer to the accused device when interpreting the claims of the '414 Patent.

This Court finds the recent Federal Circuit rulings do not mandate reference to the accused device during the claim construction phase of the litigation. Such a result would be

contrary to the disfavor of use of extrinsic evidence during such proceedings as well as settled precedent.  See NeoMagic Corp. v. Trident Microsytems, Inc., 287 F.3d 1062, 1074 (Fed. Cir. 2002) (stating that "it is well settled that claims may not be construed by reference to the accused device."); SRI Int'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1118, 227 USPQ 577, 583 (Fed. Cir. 1985) (en banc) (explaining that "[a] claim is construed in the light of the claim language, the other claims, the prior art, the prosecution history, and the specification, not in light of the accused device. ...It is only after the claims have been construed without reference to the accused device that the claims, as so construed, are applied to the accused device to determine infringement.").

The Federal Circuit's holding in Wilson Sporting Goods does carve out an exception permitting reference to the accused device, but only in certain situations where it is unclear as the "breadth of the claim construction analysis."  It is not clear that such a situation exists here.  Rather, the parties have clearly set forth the claims of Plaintiff's '414 patent that are to be interpreted and Plaintiff makes no argument to the contrary.  Thus, this Court will not reconsider its ruling with respect to reference to the accused device during the claim construction phase of this litigation.  See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (noting that motions for reconsideration are disfavored and are only appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.").  Such circumstances justifying reconsideration do not exist in this case.

**Accordingly,**

**IT IS HEREBY ORDERED** that the claim construction phase of this litigation will continue without reference to the accused product.  The parties are not permitted to supplement the record with evidence regarding the accused product.

**IT IS FURTHER ORDERED** that the parties shall comply with the deadlines imposed by the Special Master on pages 26-27 of the Draft Report and Recommendation. The Special Master will then review any comments and objections to the Draft Report and

Recommendation and issue his Final Report and Recommendation for the Court's consideration and the parties further comments and/or objections.

DATED this 17th day of July, 2006.



Mary H. Murguia
United States District Judge